**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SEAN TOMANY, Individually and as Administrator of the Estate of PATRICK TOMANY, deceased,**<br><br>          Plaintiff,<br>v.<br><br>**BROOKE KOCH, PA, *et al.***<br><br>          Defendants. | **CIVIL ACTION**<br><br>**No.  4:23-CV-01074**<br><br><br><br>**CIVIL ACTION –**<br>**MEDICAL PROFESSIONAL**<br>**LIABILITY** |

**JOINT MOTION TO SEAL PLAINTIFF'S MOTION**
**FOR SETTLEMENT APPROVAL AND JUDGE BRANN'S JUNE 15, 2026 ORDER**

Plaintiff Sean Tomany, Individually and as Administrator of the Estate of Patrick Tomany, deceased, and Defendants, respectfully request that Plaintiff's Motion for Settlement Approval and Judge Brann's Order dated June 15, 2026 be sealed, and avers as follows:

1.     All parties jointly request that Plaintiff's Motion for Approval of Settlement and Judge Brann's Order dated June 15, 2026 granting Plaintiff's Motion be sealed.

2.     Plaintiff commenced this medical malpractice action on June 27, 2023. Plaintiff Sean Tomany is the father of the decedent, Patrick Tomany. Patrick tragically died when he was nineteen years old. Patrick's mother and Sean's wife, Jodi Tomany, is the other wrongful death beneficiary. The filing of this action resulted in media coverage.

3.     On April 23, 2026, the parties entered into a confidential settlement agreement.

4.     Confidentiality of this settlement is beneficial for and in the interest of the parties. Confidentiality will protect Plaintiff Sean Tomany and the other wrongful death beneficiary, Jodie Tomany, from the public seeking to gain from their financial recovery.

5.     On June 12, 2026, Plaintiff filed a Motion to Approve Settlement.

6.      On June 15, 2026, the Court entered an Order approving the settlement.

7.      Although court records are presumptively open to the public under both Pennsylvania common law and the First Amendment, that right is not absolute. *See, e.g., In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). Under the First Amendment, a party can rebut the presumption by showing good cause. *See Zenith Radio Corp. v. Matshuskita Electrical Industrial Co.*, 529 F. Supp. 866 (E.D. Pa. 1981); *Publicker Industries Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984). "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption." *Bank of Am.*, 800 F.2d at 344. More specifically, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  The party seeking closure must specifically articulate the injury that it is seeking to prevent. *Id.* at 673.  "'Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.'" Id. (quoting *In re Cendant Corp.*, 260 F.3d at 192).

8.      Here, good cause exists to seal the documents as the parties agreed to confidentiality and disclosure of the settlement amount creates a potential danger of harassment if Plaintiff and Plaintiff's decedent's mother's financial recovery is publicized. Because this matter involved wrongful death claims, settlement approval was required. If settlement approval were not required, confidentiality would be maintained between the parties. Plaintiff and Plaintiff's decedent's mother (the other wrongful death beneficiary) prefer that the settlement amount remain confidential to reduce the risk of publication of the monetary recovery and any potential danger of harassment relating to the recovery.

9.      If the Court does not seal the entirety of Plaintiff's Motion for Settlement Approval and Judge Brann's June 15, 2026 Order, the parties respectfully request that the settlement amount and other dollar values in the Motion and Order be redacted.[1]

**WHEREFORE**, for all the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Order.

<div style="margin-left:45%">

**KLINE & SPECTER, PC**

BRADEN R. LEPISTO, ESQUIRE
Attorney ID 313586
Braden.Lepisto@klinespecter.com
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772 1000
*Attorney for Plaintiff*

</div>

Date: June 16, 2026

---

[1] The parties can file a redacted versions of the Motion and proposed Order.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing the Joint Motion to Seal of Plaintiff's Motion

for Settlement Approval and Judge Brann's Order Approving Settlement has been served via ECF

and electronic mail, upon the parties as follows:

Daniel P. Martz, Esquire
Raymond A. Petruccelli, Esquire
Burns White
1835 Market Street, Suite 2700
Philadelphia, PA 19103

**KLINE & SPECTER, PC**

BRADEN R. LEPISTO, ESQUIRE
Attorney ID 313586
Braden.lepisto@klinespecter.com
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772 1000
*Attorney for Plaintiff*

Date: June 16, 2026